**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARIE YVETTE TREVINO,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **BANDERA COUNTY, JAMES McMILLAN, DELLA BAKER, CARY BERGER,** | § | **SA-08-CV-0184 XR** |
| | § | |
| **Defendants.** | § | |

**ORDER *DENYING* REQUEST FOR APPOINTMENT OF COUNSEL**

The matter before the Court is plaintiff's request for appointment of counsel. Plaintiff's request was submitted along with a complaint alleging violations of her civil rights in connection with her arrest in January 2006, for which she is seeking damages. This case appears to be related to SA-08-CA-60, in which plaintiff alleges Bandara County and others violated her rights in connection with a search of her home in January 2006.

The Fifth Circuit has directed that requests for appointment of counsel in civil cases will be granted only upon a showing of "exceptional circumstances" considering four factors:

> (1) the type and complexity of the case;
> (2) whether the [pro se litigant] is capable of adequately presenting his case;
> (3) whether the [pro se litigant] is in a position to investigate adequately the case; and
> (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.[1]

[1] **Ulmer v. Chancellor**, 691 F.2d 209, 213 (5th Cir.1982)

A plaintiff in a civil case has no absolute right to appointment of an attorney.[2] Indeed, the plaintiff has the burden of persuasion as to the necessity of an appointment.[3]

Applying these factors to this case, I will deny plaintiff's request for court appointed counsel. Given the minimal information available at this point in the case, it is unclear if plaintiff's claims of have merit, or whether the case is particularly complex, will require cross examination of witnesses, or is susceptible of summary disposition. From a review of the detailed complaint and other documents submitted thus far, as well as plaintiff's level of education (Masters degree in Urban Administration and B.A. in Economics), plaintiff would likely have the ability to investigate and present his case to the Court without the assistance of an attorney.

I find that this is not the type of extraordinary case in which appointment of counsel is necessitated, either for the parties or for the Court. Because plaintiff has failed to establish entitlement to appointment of counsel, her request is **DENIED**.

**SIGNED** on March 17, 2008.

Nancy Stein Nowak
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[2]**Pennington v. Texas Highway Dept.**, 990 F.2d 627 (5th Cir. 1993).

[3]**Caston v. Sears, Roebuck and Co.**, 556 F.2d 1305, 1310 (5th Cir. 1977).